In the Matter of the Application of HERMINE ALMA HEYE and Others, Appellants, for an Order Setting Aside the Decree of This Court Dated the 14th Day of April, 1931, Judicially Settling the Account of CHARLES MEYER, as Administrator c. t. a. of FRANCES ECKMEYER, Deceased, Respondent, and for Leave to File Objection to Said Account and for a Construction of the Last Will and Testament of FRANCES ECKMEYER, Deceased.— Decree denying the petitioners' application to vacate decree dated April 14, 1931, for leave to file objections to the account, and for a construction of the will of decedent, unanimously affirmed, with costs. In addition to the authorities relied upon by the respondent, see *Matter of Howell; Matter of Buckingham,— Liggins* v. *Buckingham* (L. R. [1915] 1 Ch. 241). Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

HEERAN, BLIGHT & HAAS, INC., Respondent, v. UNITED STATES FREIGHT COMPANY, Appellant.—Action to recover for loss of commissions resulting from defendant's permitting two policies procured by plaintiff for defendant from the Travelers Insurance Company to be canceled by the insurance carrier, as well as loss of commissions on other policies which it is alleged defendant refused to permit plaintiff to renew as it had agreed. Order denying defendant's motion for an order directing plaintiff to serve an amended complaint on the ground that there is a defect of parties plaintiff, and for other relief, unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of said costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

EMMA BAUMEISTER, Respondent, v. OTTO TIMME, Appellant.— Plaintiff sues for $7,000, the purchase price for which defendant is alleged to have bought from plaintiff an account which she had with a stockbroker. Order, denying defendant's motion to strike out certain allegations of the complaint as irrelevant and unnecessary, and to dismiss the complaint under subdivision 8 of rule 107 of the Rules of Civil Practice, unanimously modified by striking out the first to fourth paragraphs, inclusive, and the eighth and ninth paragraphs, of the complaint; and as so modified affirmed, without costs, with leave to the defendant to answer within twenty days after service of order. No opinion. Present — Martin, P. J., O'Malley, Untermyer and Cohn, JJ.

In the Matter of the Application of JAY LEO ROTHSCHILD, Appellant, for an Order Pursuant to Section 475 of the Judiciary Law to Determine and Enforce an Attorney's Lien. LOUIS SCHIENBERG, Respondent.— Proceeding to determine and enforce attorney's lien. Order, so far as appealed from, confirming referee's report and denying petitioner's motion to enforce his lien on the basis of an oral modification of the original written retainer, and limiting petitioner's lien to $100, unanimously affirmed, with costs and disbursements. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

EDWARD J. QUINTAL and Others, as Trustees in Bankruptcy of CONSOLIDATED FACTORS CORPORATION, Bankrupt, Appellants-Respondents, v. MANUFACTURERS TRUST COMPANY, Respondent-Appellant.— The complaint contains four causes of action (the fifth having been withdrawn) for money had and received, each based upon the use by the bank of moneys of the corporation in payment of debts owed the bank individually by two of the officers of the corporation. Judgment unanimously affirmed, without costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.